UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
**SOUTHERN DIVISION**

| | |
|---|---|
| JARED WINGO, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) No.13-3097-CV-S-RED ) |
| vs. | ) ) ) Hon. Richard E. Dorr |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) |

**STATE FARM'S SUGGESTIONS OPPOSING
PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, Defendant State Farm Fire and Casualty Company ("State Farm") submits these Suggestions opposing Plaintiff's Motion for Voluntary Dismissal (*see* Dkt. 14). Plaintiff's Motion and supporting argument make clear that Plaintiff effectively is attempting to secure a remand of this case based on amendments he claims he will make in a future pleading he has not even presented to this Court. As set forth more fully below, no such remand could properly be ordered, and Plaintiff should not be permitted to use Rule 41 as a vehicle for accomplishing that improper result. State Farm respectfully contends that under the circumstances of this action, voluntary dismissal without prejudice should only be allowed on a conditional basis. In support hereof, State Farm states as follows:

**Background**

1. Plaintiff filed this case as a single-plaintiff action in state court, and State Farm answered Plaintiff's original Petition. *See* Dkt. 1; Dkt. 1-1, Dkt. 1-3.

2. On February 27, 2013, Plaintiff amended his state-court petition to add allegations asserting that the case should be certified for class treatment, and further proposing that he serve as class representative. *See* Dkt.1-5, Dkt. 1-4.

3. At the same time, Plaintiff and his counsel executed binding affidavits swearing that they would not seek to recover damages "*for the class*" in excess of $4,999,999 in the aggregate, and further would not seek recovery for any individual class member in excess of $75,000. *See* Dkt. 1-5 at Stipulations attached as Exs. A, B & C (emphasis supplied). The clear purpose of those affidavits was to avoid removal of Plaintiff's proposed class action to federal court. *See*, *e.g.*, *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009) (stating that class counsel could defeat CAFA jurisdiction if, before removal, counsel had executed a binding stipulation limiting the proposed class recovery to less than $5,000,000).

4. On March 8, 2013, State Farm timely removed Plaintiff's action to this Court. *See* Dkt. 1.

5. In its Notice of Removal, State Farm acknowledged the affidavits Plaintiff had submitted purporting to limit the amount in controversy below the $5,000,000 threshold applicable for class actions under 28 U.S.C. § 1332(d) and the Class Action Fairness Act. *Id.* at ¶ 20. State Farm argued, however, that the issue of whether such stipulations could effectively defeat CAFA jurisdiction was pending before the United States Supreme Court in *Knowles v. Standard Fire Insurance Co.*, No. 11-8030, 2012 WL 3828891 (8th Cir. Jan. 4, 2012), *cert. granted*, 80 U.S.L.W. 3860 (U.S. Aug. 31, 2012) (No. 11-1450).

6. The United States Supreme Court's decision in *Standard Fire Insurance Co. v. Knowles* was issued on March 19, 2013, and State Farm promptly provided a copy of that opinion to this Court. *See* Dkt. 13-1. In *Knowles*, the United State Supreme Court held

– 2 –

Case 6:13-cv-03097-MDH    Document 16    Filed 03/25/13    Page 2 of 10

unanimously that stipulations attempting to avoid CAFA jurisdiction by purporting to limit the amount to be sought on behalf of a proposed class are ineffective. *See Standard Fire Ins. Co. v. Knowles*, No. 11-1450, slip op. at 7 (U.S. March 19, 2013).

7. On March 21, 2013, the undersigned counsel for State Farm received a call from Plaintiff's counsel inquiring as to whether State Farm would consent to Plaintiff's dismissal of this suit without prejudice.

8. On March 22, 2013, the undersigned counsel for State Farm contacted Plaintiff's counsel and asked whether Plaintiff planned to refile his suit. Plaintiff's counsel confirmed that Plaintiff intends to refile his action as a proposed class action, with Plaintiff as the proposed class representative, in a different forum.

## Plaintiff's Motion

9. Plaintiff has now moved for voluntary dismissal of his suit without prejudice "on such terms as the Court deems proper." *See* Dkt. 14. The express stated purpose for the motion is so that Plaintiff may proceed in a different forum. *See* Dkt. 15 at 2 ("Plaintiff is asking leave of the Court to dismiss this case so that it may be re-pled in state court.").

10. In support of his Motion, Plaintiff states that his asserted class "should never" have asserted a ten-year timeframe for class membership, though he does not contest that the class definition set forth in his pleading did, in fact, encompass a ten-year timeframe. *See* Dkt. 15 at 2.

11. Plaintiff likewise does not contest that when removed, this action presented an amount in controversy in excess of $5,000,000. *See* Dkt. 15 at 2.

12. Plaintiff's counsel states that if allowed to refile elsewhere, he intends to revise Plaintiff's proposed class definition to place less than $5,000,000 in controversy, but there is no

basis for this Court to engage in an anticipatory assessment of Plaintiff's counsel's ill-supported assertions that such an amendment could effectively be pleaded.[1]  No proposed amended pleading has been provided to the Court, and the Court in any event cannot issue an advisory order regarding whether such a future pleading would or would not be subject to removal.

13.     Plaintiff's counsel further submits that he "did not seek to stipulate the damages to less than which the class was entitled," and that his prior stipulation was submitted "simply to comply with the law in the Eighth Circuit and to demonstrate that the damages were in fact below $5,000,000."  *See* Dkt. 15 at Hearne Declaration, ¶ 3.  However, counsel's prior stipulation actually *did* stipulate to a limitation on the proposed class recovery, as follows:

> I do hereby swear and affirm that I do not now, and will not at any time during this case, whether it be amended, removed, remanded or otherwise, as counsel in this case seek or accept damages for any individual class member in excess of $75,000 (inclusive of attorneys' fees and penalties) ***or seek or accept damages for the class*** as alleged in the amended petition to which this stipulation is attached ***in excess of $4,999,999*** in the aggregate (inclusive of penalties and attorneys' fees).

*See* Dkt. 1-5 at Ex. C thereto (Hearne Declaration).

14.     Further, there is no *requirement* in the Eighth Circuit that an attorney stipulate to an intention to recover less than $5,000,000 in a proposed class action.  Rather, prior to *Knowles*, the Eighth Circuit merely *permitted* an attorney to submit such an affidavit in an attempt to avoid federal jurisdiction under CAFA.  *See*, *e.g.*, *Bell*, 557 F.3d at 958 (stating that class counsel could defeat CAFA jurisdiction if, before removal, counsel had executed a binding stipulation limiting the proposed class recovery to less than $5,000,000).

---

[1] *See* Dkt. 15 at Hearne Declaration at ¶ 7.  According to Plaintiff's counsel, a Declaration submitted with State Farm's Notice of Removal establishes that the amount in controversy for an asserted two-year class would fall below $5,000,000.  *Id.*  That statement is inaccurate.  In fact, Plaintiff's contention is based on his counsel's *personal* averment (based on his general experience "practicing almost exclusively in the area of first party claims for almost twenty-five years") that withheld depreciation ultimately is paid in 80% of claims, and counsel's further, entirely unsupported assumption that the 80% figure he posits would be fairly applied to the data State Farm provided.  *Id.*  Plaintiff has not remotely shown that a narrowed timeframe for his proposed class would place the amount in controversy below $5,000,000.

– 4 –

## Conditional Dismissal Under Rule 41(a)

15. Because State Farm answered Plaintiff's original petition in this case, Plaintiff cannot obtain dismissal of this action without prejudice absent either a signed stipulation by State Farm or an Order of this Court. *See*, *e.g.*, Fed. R. Civ. P. 41(a)(1)(A); *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971) (plaintiff could not take voluntary, unconditional dismissal of amended pleading where defendant had answered original complaint); *Quick v. Emco Enters. Inc.*, 251 F.R.D. 371, 373–74 (S.D. Iowa 2008) (following *Armstrong*); *see also Wright v. Standard Ins. Co.*, No. 8:07-cv-1586, 2008 WL 5070228, at *5–6 (M.D. Fla. Nov. 24, 2008) (same); *Dickie v. Cannondale Corp.*, No. 01 C 6347, 2003 WL 134990, at *2 (N.D. Ill. Jan. 16, 2003) (same); *Total Containment, Inc. v. Aveda Mfg. Corp.*, No. 90-4788, 1990 WL 171518, at *3 (E.D. Pa. Nov. 1, 1990) (same).[2]

16. It is within the Court's discretion to decide whether Plaintiff's request for dismissal should be allowed and, if so, whether any conditions upon that dismissal should be imposed. *See Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). In exercising that discretion, the Court should consider "factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Id.* (internal citations omitted).

17. State Farm respectfully submits that under the circumstances of this case, conditions should be imposed if dismissal without prejudice is allowed.

---

[2] Although the Eighth Circuit has not directly addressed this issue where an amended pleading has been filed, the *Armstrong* decision was cited with approval by the Eighth Circuit in *Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. Homestake Mining Co.*, 772 F.2d 1407, 1413 (8th Cir. 1984), for the proposition that a voluntary dismissal cannot be taken as of right once an answer or motion for summary judgment has been served.

18. First, Plaintiff's Motion leaves no doubt that he intends to refile his action as a proposed class action in state court. His purpose thus is to seek what he apparently perceives to be a more favorable forum for his claims. *See* ¶ 9, *supra*. It is well-settled that such forum shopping is an inappropriate motivation for unconditional dismissal under Rule 41. *See Hamm*, 187 F.3d at 950 (a plaintiff "is not permitted to dismiss merely . . . to seek a more favorable forum").

19. Further, whether Plaintiff might have been able to avoid removal of his action in the first place had he crafted his claims more narrowly is of no moment – he had full control over the allegations he offered, and he does not contest that his action was properly removed by State Farm based on his pleading. Plaintiff can amend his pleading in *this* Court if he wishes; dismissal is not necessary for that to occur. *See Buetow v. A.L.S. Enterps., Inc.*, 650 F.3d 1178, 1182 n.2 (8th Cir. 2011) (federal jurisdiction over action removed pursuant to CAFA remains even after denial of class certification); *see also Metz v. Unizan Bank*, 649 F.3d 492, 500-01 (6th Cir. 2011) (same); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010) (same); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010) (same); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009) (court does not lose CAFA jurisdiction based on post-removal developments in case).

20. Moreover, Plaintiff's intent to refile the very claims he has asserted here, with himself as the proposed class representative, strongly suggests that Plaintiff and his counsel are seeking unconditional dismissal to avoid the binding effect of their respective prior stipulations limiting the relief they would seek on behalf of putative class members. That likewise is not a proper purpose for securing dismissal without prejudice.

21. While Plaintiff and his counsel may now regret that they stipulated to limitations on the relief they intended to pursue on behalf of a proposed class, they must have made those stipulations with the intent to be bound by them. *See*, *e.g.*, *Bell*, 557 F.3d at 958 (a stipulation limiting a proposed class recovery to less than $5,000,000 would not be effective to defeat CAFA jurisdiction unless the stipulation was binding); *Knowles*, No. 11-1450, slip op. at 4 (noting that plaintiff's stipulation regarding his intent to seek less than a full recovery was binding as to plaintiff himself). They should not be permitted to avoid the consequences of their prior, clearly-demonstrated willingness to sacrifice the interests of proposed class members through the expedient of dismissing and re-filing identical claims in a different forum.

22. Finally, while it is true that this action was only recently removed, it is not in its infancy. Plaintiff filed his original petition against State Farm more than five months ago, and proceedings were well underway in respect to the action when Plaintiff chose to file his amended pleading. And here, State Farm has been put to the expense of removing Plaintiff's suit, and its initial response to the First Amended Petition is due in just four days' time. *See* Dkt. 9. State Farm already has expended considerable effort in drafting its responsive papers and must continue with its efforts given that its filing deadline is imminent.

### **Requested Conditions for Dismissal With Prejudice**

23. For the foregoing reasons, State Farm respectfully requests that this Court order dismissal of this action without prejudice *only* on the following conditions:

- In the event that Plaintiff refiles his suit in state court, Plaintiff shall be required to pay State Farm's costs and attorneys' fees incurred in any successful removal of that suit to federal court; and

- Plaintiff either is limited to pursuing his claims against State Farm solely on an individual basis, and shall not seek to serve as a class representative in respect to any such claims; or Plaintiff and his counsel's prior stipulations regarding the limits on the recovery they would seek on behalf of putative class members "in

– 7 –

Case 6:13-cv-03097-MDH   Document 16   Filed 03/25/13   Page 7 of 10

this case" shall apply and be binding upon them in any future proposed class suit Wingo files based on his underlying insurance claim as if the Stipulations had been executed in respect to such future case.

**Notice to the Class Regarding a Dismissal Would Not Be Required**

24. Notice to putative class members is not mandatory when a proposed class action is dismissed prior to certification. *Cf.* Fed. R. Civ. P. 23(e); *see also* Fed. R. Civ. P. 23(d)(1)(B); *Laventhal v. Gen. Dynamics Corp.*, 91 F.R.D. 208, 210 (E.D. Mo. 1981) (notice of dismissal of class action prior to certification is appropriate where lack of such notice may "unduly prejudice the ability of absent class members to bring independent actions on their claims"). Given that Plaintiff's proposed class complaint was not filed until February 27, 2013 and that dismissal has not been sought because of a settlement with Plaintiff, there is no danger of prejudice to absent class members or fairness risk to be assessed by the Court with respect to dismissal of the First Amended Petition. *See Laventhal*, 91 F.R.D. at 210.

25. For all of the foregoing reasons, State Farm respectfully requests that the Court deny Plaintiff's request for an unconditional order of dismissal without prejudice, and that the Court instead impose the conditions State Farm has requested on any such dismissal.

Dated: March 25, 2013

        **TAYLOR, STAFFORD, CLITHERO, FITZGERALD & HARRIS LLP**

        By: /s/ Monte P. Clithero
            Monte P. Clithero
            Missouri Bar No. 27248
            mclithero@taylorstafford.com

            *and*

            Lance A. Roskens,
            Missouri Bar No. 59408
            lroskens@taylorstafford.com

3315 E. Ridgeview, Suite 1000
Springfield, MO, 65804
Tel. (417) 887-2020
Fax: (417) 887-8431

*and*

**SCHIFF HARDIN LLP**
Joseph A. Cancila, Jr. (IL 6193252)
Heidi Dalenberg (IL 6021041)
6600 Willis Tower
233 S. Wacker Drive
Chicago, IL  60606
Tel. (312) 258-5500
Fax. (312) 258-5600
*Admitted pro hac vice*

**COUNSEL FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

     I, Monte P. Clithero, one of the attorneys for defendant State Farm Fire and Casualty Company, in the above entitled cause, hereby certify that on the 25th day of March, 2013, I electronically filed the foregoing with the Clerk of the District Court, Southeast Division, using the CM/ECF filing system, which sent notification of such filing to the following counsel for plaintiff via electronic mail: Thomas H. Hearne and David L. Steelman.

                                                                   <u>/s/ Monte P. Clithero</u>