UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JARED WINGO, on behalf of himself and all others similarly situated, <br> Plaintiff, <br><br> vs. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant | Case No. 13-3097-CV-S-REL |

## PLAINTIFF'S REPLY TO STATE FARM'S SUGGESTIONS IN OPPOSITION TO VOLUNTARY DISMISSAL

### INTRODUCTION

Defendant's Suggestions in Opposition to Plaintiff's timely Motion for Voluntary Dismissal without prejudice do not address the basic proposition, that, "courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Nor does Defendant address the opinion in *O'Reilly v. R.W. Harmon & Sons, Inc.,* 124 F.R.D. 639 (W.D. Mo 1989),where plaintiffs candidly stated the reason for dismissal was their intention to re-file in state court with a non-diverse defendant. For similar opinions also *see, New Century Health Quality Alliance Inc. v. Humana Health Plan, Inc*., 2005 W.L. 2739272 (W.D. Mo 2005), and *Moore v. W.W. Transport*, 2011 W.L. 3425605 (E.D. Mo 2011).

In fact, Defendant does not cite (and Plaintiff cannot find) one case where a Voluntary Dismissal was denied at as early a stage as is presently before this Court: no trial preparation; no summary judgment filed; no answer filed; no depositions taken. Instead, Defendant argues legal prejudice for these reasons: first, that Plaintiff and his counsel "are seeking unconditional

1

dismissal to avoid the binding effect of their respective prior stipulations." (Doc. 16 ¶ 20). Second, that the Defendant "has already expended considerable effort," (Doc. 16 ¶ 2). Third, that the dismissal and re-pleading is impermissible forum shopping. (Doc. 16 ¶ 18).

Finally, Defendant argues for conditions so onerous as to prevent plaintiff from accepting the dismissal.

**Defendant's argue that the stipulations to seek damages less than $5,000,000.00 in damages should be binding, in which case the Court would have no further jurisdiction and should remand.**

At ¶ 20 of its suggestions, Defendant states, "Plaintiff's intent to re-file the claim asserted here, with himself as the proposed class representative strongly suggest that Plaintiff and his counsel are seeking unconditional dismissal to avoid the binding effect of their respective prior stipulations as to the relief they would seek on behalf of putative class member." (Doc. 16, ¶ 20).

At ¶ 23, Defendant goes further and suggests that the Court should order as a condition of dismissal without prejudice that the stipulations should be binding.

The Supreme Court of the United States indicated that a stipulation such filed by Plaintiff does not prevent federal jurisdiction because, "a named plaintiff cannot bind precertification class members" *Standard Fire Ins. Co. v. Knowles*, 2013 WL 1104735 (U.S. March 19, 2013 at p. 1). If Defendant is aware of some way that this Court may bind the precertification class members through its order, Plaintiff and its counsel would agree to said order. That will resolve either at this point or at any further point as to whether this case is subject to federal jurisdiction.

Plaintiff's don't argue for such an order because they believe the United States Supreme Court's decision in *Knowles* would not allow it, but simply to indicate that if this Court wishes to make such an Order they will accept that condition and will not appeal. Defendant also wishes to

point out that if the Court can make such an Order that the case should not be dismissed because the Court will not have jurisdiction to dismiss and should simply be remanded.

**Defendant has not been prejudiced by the effort expended to date.**

At ¶ 22 of its suggestions Defendant states "State Farm has already expended considerable effort in drafting its responses to papers and must continue with that effort given that its filing deadline is imminent." (Doc. 16 ¶ 22). Defendant has not requested an extension; but more importantly whether this case remains before this Court, or is remanded, or dismissed and re-filed, the same effort will need to be made to answer the class allegations.

More importantly, the opinion in *Paulucci* clearly indicates that the work expended by Defendant to date does not rise to the legal prejudice anticipated by the 8th Circuit Court of Appeals.

*Paulucci* a details a four point test to determine whether voluntary dismissal should be granted and two of those points specifically deal with the litigation efforts of a defendant. The second prong of the test was whether the defendant has expended considerable effort and expense in preparing for trial. The fourth prong of the test is whether the defendant has filed a motion for summary judgment. *Paulucci*, at 783. There has been no discovery in this case except for the discovery answered by Plaintiff, Defendant has not answered the amended Petition, let alone filed a motion for summary judgment. To say that the effort in drafting response papers is the necessary showing of legal prejudice makes a mockery of the *Paulucci* test.

**Plaintiff's reason for dismissal is not an impermissible effort to forum shop, because the substantive of law will remain the same and Plaintiff is not seeking to avoid an adverse decision.**

*R.W. Harmon*, presented facts virtually identical to those before this court. Plaintiff's counsel has simply become aware of facts, mainly through the affidavits filed by Defendant with

3

its removal, that the endorsement in question was only added in 2010 and that should be the class period. Similarly, the plaintiff in *R.W. Harmon* discovered a non-diverse defendant.

The cases cited by Defendant which did not allow dismissal because there was forum shopping are significantly different. For example, in *Hamm v. Rhone-Poulenc Rorer Pharms. Inc.*, 187 F.3d 941 (8th Cir. 1999). Defendant had filed a motion to dismiss which had been converted to a summary judgment and ruled adversely to Plaintiff.

Furthermore, the quote in *Hamm* cited by Defendant, "a party is not permitted to dismiss merely to escape seeking a more favorable form, 187 F.3d, page 950 referred to *Holmgren v. Massey-Ferguson, Inc.*, 516 F.2d 856 (8th Cir. 1975). That case involved forum shopping because there was an effort to dismiss so as to re-file in a forum with different substantive law, strict liability. In this particular case the law that will govern, regardless of Court or jurisdiction will be the same, namely Missouri statute, regulations and decisions of the Missouri Supreme Court.

**The conditions requested by Defendant are not appropriate.**

At ¶ 23 the Defendant, requests conditions that transparently are so onerous plaintiff will not accept the dismissal.

Plaintiff has filed this dismissal early, before an answer is due, and before there has been any significant discovery. For that reason, Plaintiff does not believe that any conditions are warranted. However, if the Court desires to impose conditions, they should be only to that extent necessary to protect the defendant. *See*, 9 Fed. Proc. Civ. (3) ed. § 2366 and the cases cited therein.

The Court's order in *Moore v. W.W. Transport*, 2011 WL 3425605 (E.D. Mo 2011) is an example of an order with conditions designed to protect the Defendant from prejudice but not

prevent a timely dismissal. In *Moore*, the case was removed on November 24, 2010, and the Court had entered in case management orders on March 4, 2011. There had been numerous discovery motions and a motion to dismiss. Nevertheless, the court allowed a voluntary dismissal after counsel indicated he had experienced "difficult personal hardship." In that case, the defendants complained they had completed initial written discovery, deposed almost all witnesses to the action except for the plaintiff and had filed a motion to dismiss. The Court allowed the voluntary dismissal and simply ordered that, "if this case is re-filed all depositions, and other discovery conducted in the present case will be usable in the present case. Plaintiff will be required to pay the attorney fees and expenses incurred by defendant for discovery that has to be repeated if this case is re-filed.

Plaintiff would suggest that is the type of order anticipated by the rule. Again, plaintiff does not believe any conditions are necessary because there has only been one round of written discovery by Defendant. Nevertheless, if the Court wishes to order that discovery is usable and that Plaintiff will have to pay attorney fees if discovery must be repeated, plaintiffs would agree and accept that dismissal.

Respectfully Submitted,

/s/ David L. Steelman
David L. Steelman #27334
**Steelman, Gaunt & Horsefield**
901 Pine Street, Suite 110
Rolla, MO 65402
Telephone (573) 341-8336
Fax: (573) 341-8548
dsteelman@steelmanandgaunt.com


/s/ Thomas H. Hearne
Thomas H. Hearne #27596
**Hearne & Pivac**

2733 E. Battlefield # 301
Springfield, Missouri   65804-2891
Telephone (417) 883-3399
Fax (417) 883-3996
thhearne@hplawfirm.org

**ATTORNEYS FOR PLAINTIFF**