IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JARED WINGO, on behalf of himself and all others similarly situated,<br>　　Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br>　　Defendant | Case No. 13-3097-CV-S-FJG |

### ORDER

Pending before the Court are (1) Defendant's Expedited Motion to Reopen Case and For an Order Staying the Effect of the Court's Remand Order (Doc. No. 33), and (2) Defendant's Rule 59(e) Expedited Motion for Reconsideration of the Order of Remand (Doc. No. 31). The Court considers both, below.

**I.  Motion to Reopen Case and Stay Effect of Remand Order (Doc. No. 33)**

In large part, the relief requested by this motion was granted by the Court's Order dated June 7, 2013, which indicated that the "effect of the Remand Order (Doc. No. 29) is hereby **STAYED** pending disposition of the Motion for Reconsideration (Doc. No. 31)." For the reasons stated by defendant in its motion and suggestions in support (Doc. Nos. 33 and 34), the Court finds that it has jurisdiction to stay the effect of its prior remand order, given that this is a CAFA case and 28 U.S.C. § 1453 grants a right for defendants to seek an appeal of the remand order. See Webb v. Riceland Foods, Inc., No. 4:08-CV-1048-WRW, 2008 WL 4960464, at *1 (E.D. Ark. Nov. 17, 2008). See also Raskas v. Johnson & Johnson, No. 4:12-CV-2307-CDP, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013) (staying order remanding the case while appeal was pending).

Therefore, for the foregoing reasons, defendant's motion to stay the effect of the remand order (Doc. No. 33) is **GRANTED**.

**II.     Defendant's Motion for Reconsideration of Remand Order (Doc. No. 31)**

Defendant seeks reconsideration of the Court's Order remanding this case. The motion presents two questions which the Court must answer: (1) Does the Court have jurisdiction to rule on a motion for reconsideration in a CAFA remand? and (2) Should the motion for reconsideration be granted?

A.     Jurisdiction over Motions for Reconsideration in CAFA Cases

Defendant argues the Court retains jurisdiction over a remanded putative class action so that it may entertain a motion for reconsideration, given that CAFA gives defendants a right to seek an appeal from an order of remand. 28 U.S.C. § 1453(c)(1). Plaintiff argues otherwise, stating that 28 U.S.C. § 1447(d) specifically precludes review of an order remanding a case pursuant to 28 U.S.C. § 1447(c). See 28 U.S.C. § 1447(d) (providing "An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to § 1442 or 1443 of this title shall be reviewable by appeal or otherwise."). Plaintiff indicates that the "or otherwise" language forecloses reconsideration by the district court, and argues that the limited appellate review provided for by 28 U.S.C. § 1453(c) does not grant district courts jurisdiction to reconsider their prior orders of remand. See 28 U.S.C. § 1453(c), which provides "except that notwithstanding § 1447(d), a court or appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than ten days after entry of the order."

2

Very little case law exists on the issue of whether a district court has jurisdiction to reconsider a CAFA remand order. Plaintiff cites to non-CAFA cases for the proposition that remand strips this Court of jurisdiction. The Eighth Circuit has not directly addressed the question of whether a district court retains jurisdiction to reconsider its remand order in a CAFA case. However, the Seventh Circuit has treated reconsideration by district courts in a CAFA case as a proper exercise of jurisdiction. See Natale v. General Motors Corporation, No. 06-8011, 2006 WL 1458585, at *1 (7th Cir. May 8, 2006); In re Burlington Northern Santa Fe Railway Company, 606 F.3d 379, 380 (7th Cir. 2010) (treating a 28 U.S.C. § 1453(c) request for appeal as premature until the district court ruled on a motion for reconsideration). Upon its consideration, this Court finds the cases from the Seventh Circuit to be persuasive authority that it retains jurisdiction to reconsider the remand order. Accordingly, the Court will proceed to the merits of the motion for reconsideration.

B. Reconsideration of Order Remanding Case

Upon review of the motion for reconsideration, the parties' suggestions in support and opposition of the motion, and a searching review of the prior record before the Court, the Court finds that defendant's motion for reconsideration should be **GRANTED**. Plaintiff's only arguments that this case should be remanded were that the class did not have at least 100 putative class members and the amount in controversy had not been proven to exceed $5,000,000.00. See Doc. Nos. 18, 19. Plaintiff alleges in his first amended complaint, however, that his asserted class "is believed to number in thousands of persons in the State of Missouri." See Doc. No. 1-5, ¶ 24. This is sufficient to demonstrate by a preponderance of the evidence that CAFA's numerosity requirement has been met. See Peralta v. Countrywide Home Loans, Inc. No. C09-

3

3288 PJH, 2009 WL 3837235, *3 (N.D. Cal. Nov. 16, 2009); Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 945-46 (8th Cir. 2012). Plaintiff appears to allege individual damages in the amount of $17,322.72. See Doc. No. 1-5, p. 64. Accordingly, if one were to multiply the named plaintiff's claimed individual damages ($17,322.72) by a properly supported and conservative estimate of the number of class members (1,000), the amount in controversy is $17,322,720.00. As discussed by defendant, this amount is over three times the CAFA threshold.

In its original analysis of this issue, the Court did not give proper consideration to the allegations contained in the first amended petition. Under Rule 59(e) of the Federal Rules of Civil Procedure the Court may correct such manifest errors of law or fact. See Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Accordingly, defendant's motion for reconsideration (Doc. No. 31) is **GRANTED.**

## III. Conclusion

Therefore, for the foregoing reasons, Defendant's Expedited Motion to Reopen Case and For an Order Staying the Effect of the Court's Remand Order (Doc. No. 33), and Defendant's Rule 59(e) Expedited Motion for Reconsideration of the Order of Remand (Doc. No. 31) are **GRANTED**. This case shall be reopened. All motions which previously were denied as moot (Doc. Nos. 14 and 20) shall be considered re-opened, and the Court will reexamine those motions in the near future.

**IT IS SO ORDERED.**

Date: July 25, 2013  /FERNANDO J. GAITAN, JR./
Kansas City, Missouri  Fernando J. Gaitan, Jr.
  Chief United States District Judge