**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| JARED WINGO, on behalf of himself and all others similarly situated,<br>　　　Plaintiff,<br><br>　　　v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br>　　　Defendant | Case No. 13-3097-CV-S-FJG |

## ORDER

Pending before the Court is Plaintiff's Motion for Voluntary Dismissal Without Prejudice (Doc. No. 14).

**I.　　Plaintiff's Motion for Voluntary Dismissal (Doc. No. 14)**

Plaintiff argues that this case is at an early stage, and defendant would not suffer substantial prejudice by the dismissal of this action. Plaintiff indicates that on March 19, 2013, the Supreme Court issued its opinion in <u>Standard Fire Ins. Co. v. Knowles</u>, 133 S. Ct. 1345, 1348, 185 L. Ed. 2d 439 (2013), which indicates that it is improper for plaintiffs to attempt to limit damages (so they can remain in state court) by filing a "binding" stipulation that the class will seek to recover less than $5,000,000 in the case. The Supreme Court found that such stipulations could not be binding on members of a proposed class before a class is certified. <u>Id.</u> at 1349. Plaintiff had filed such a stipulation in this case. Now, plaintiff seeks to voluntarily dismiss this action "so that it may be re-pled in state court." Plaintiff's Suggestions in Support, Doc. No. 15, p.2. Plaintiff further indicates that his complaint should be re-pled to make clear that class damages do not exceed $5,000,000.

Defendant responds that this is merely an improper attempt to secure remand of this matter based on unspecific future amendments to plaintiff's claims. Defendant argues that the clear purpose of the motion for voluntary dismissal is to seek what plaintiff's counsel perceives to be a more favorable forum for his claims. Defendant states that if plaintiff wishes to amend his complaint, he can do so in this Court, and dismissal is not necessary for that to occur. In the alternative, defendant argues that if voluntary dismissal is allowed, conditions should be imposed on plaintiff. Defendant suggests the following conditions: (1) plaintiff should be required to pay defendant's costs and attorneys fees if there is a successful removal of a subsequent suit to federal court, (2) plaintiff should be limited to pursuing his claims against defendant solely on an individual basis, or (3) plaintiff and counsel's prior stipulations regarding limitations on individual and class recovery should be binding upon them in any future proposed class suit.

In reply, plaintiff states that it cannot find any cases where a voluntary dismissal was denied at such an early a stage of the litigation as is presently before the Court. See Doc. No. 17, p. 1. This Court, however, has found Eighth Circuit precedent directly on point in a case that is in almost exactly the same procedural posture as this one. In Thatcher v. Hanover Ins. Group, Inc., 659 F.3d 1212 (8th Cir. 2011), the Eighth Circuit found that the district court abused its discretion in granting plaintiff's motion for voluntary dismissal in a class action that had been removed under CAFA, without first considering whether the motion for voluntary dismissal was an improper forum-shopping measure. Id. at 1215.[1] In Thatcher, as here, the expressed intent of the plaintiff was to

---

[1] Moreover, in Thatcher, the motion for voluntary dismissal was filed almost immediately after the case was removed and at a similarly early point in the proceedings as the

2

amend his complaint in order to avoid federal jurisdiction. 659 F.3d at 1214. The Eighth Circuit noted it has "repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." Id., citing Cahalan v. Rohan, 423 F.3d 816, 818 (8th Cir. 2005). Upon remand of Thatcher for further consideration, the District Court found that the motion for voluntary dismissal was an improper forum shopping measure, and denied the motion. Thatcher v. Hanover Ins. Group, Inc., Case No. 10-4172, 2012 WL 1933079, *11 (W.D. Ark. May 29, 2012). The District Court in Thatcher noted that the plaintiff had not provided the Court "any good reason why it wants to voluntarily dismiss its case [and] re-file in state court . . . . The obvious reason—as admitted by plaintiff in his presentations—is to avoid removal of the class action to federal court upon it being re-filed . . . . That clearly amounts to improper forum shopping and the analysis need proceed no further." Id. The exact same analysis applies here, as it is obvious that plaintiff's intention in requesting voluntary dismissal is to avoid federal court, which is improper forum shopping under Eighth Circuit precedent. Therefore, plaintiff's motion for voluntary dismissal (Doc. No. 14) is **DENIED.**

## II. Further Briefing On Defendant's Motion to Dismiss (Doc. No. 22)

On April 10, 2013, the Court entered an order granting plaintiff's motion for extension of time in which to respond to defendant's Rule 12(b)(6) Motion to Dismiss. See Order, Doc. No. 24. The Court directed that the response would be due fourteen days after the Court ruled upon both plaintiff's motion to dismiss (Doc. No. 14) and

---

motion was filed by plaintiff Wingo. See Thatcher v. Hanover Ins. Group, Inc., Case No. 10-4172, 2012 WL 1933079 (W.D. Ark. May 29, 2012) (noting that plaintiff Thatcher initiated the action by filing a state court complaint on October 28, 2010, defendants removed the action under CAFA on November 30, 2010, and plaintiff filed its motion for voluntary dismissal without prejudice on December 7, 2010). Id. at *1.

plaintiff's motion to remand (Doc. No. 18).  The Court has now ruled both of those motions.  Accordingly, plaintiff's response to defendant's Rule 12(b)(6) Motion to Dismiss (Doc. No. 22) is due on or before **AUGUST 19, 2013.**

    **IT IS SO ORDERED.**


Date:  August 8, 2013                                                 /FERNANDO J. GAITAN, JR./
Kansas City, Missouri                                        Fernando J. Gaitan, Jr.
                                                              Chief United States District Judge