**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| JARED WINGO, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  13-3097-CV-S-FJG |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

<u>**ORDER**</u>

Pending before the Court is Defendant State Farm's Motion to Dismiss Plaintiff's

First Amended Petition for failure to state a claim for which relief may be granted (Doc.

No. 20).

**I.      Background**

The facts as stated in Plaintiff's first amended state court petition are as follows.

Defendant is an insurance company that issued Plaintiff an insurance policy on his

home with effective dates of October 16, 2011 to October 16, 2012 (Doc. No. 1-5).  On

December 13, 2011, while Plaintiff's home was insured by Defendant, his home was

damaged by fire (Doc. No. 1-5).  Plaintiff filed a claim with Defendant pursuant to his

insurance policy (Doc. No. 1-5).  Defendant adjusted Plaintiff's claim on or about

December 20, 2011 and advised Plaintiff of the amount which was due on his policy

(Doc. No. 1-5).  On that same date, Defendant tendered to Plaintiff the amount of

money equal to the actual cash value of his property, which was an amount less than

what was required to repair the damages from the fire (Doc. No. 1-5).  Defendant was

aware that the amount tendered to Plaintiff was less than the amount which would be

required to repair the damages from the fire (Doc. No. 1-5).  Defendant did not advise

Plaintiff of his option to receive a sum of money necessary to repair the fire damage

(Doc. No. 1-5).

Plaintiff has brought the following action on his own behalf and as the

representative of a class of similarly situated persons (Doc. No. 1-5).  Plaintiff sets forth

claims for breach of contract which he bases upon Defendant's refusal to pay to repair

the property to the extent of the damage done (Doc. No. 1-5).  Plaintiff defines the class

of individuals as:

> All persons insured by [Defendant] under a policy of insurance
> issued or delivered in the State of Missouri, who within the
> applicable statute of limitations, made a claim for partial loss,
> caused by fire, to buildings, dwellings, homes, and other
> structures and were not paid to repair the property to the extent
> of the damage (Doc. No. 1-5).

Plaintiff excludes from this class any person whose claim for unpaid loss including

attorney fees exceeds the sum of $74,999.00 (Doc. No. 1-5).  Plaintiff disclaims any

amount in excess of $4,999,999.00 in aggregate as damages for the entire class,

including attorney fees and penalties (Doc. No. 1-5).

## II.    Standard of Review

In order to survive a motion for dismissal for failure to state a claim under Rule

12(b)(6),  a pleading must contain a "short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This does not mean the

complaint must contain detailed factual allegations, but it must contain something more

than naked assertions devoid of factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In applying this standard, the Court noted that it was not imposing a "probability requirement at the pleading stage," and a well-pleaded complaint could proceed even if it was apparent that actual proof of the facts alleged was improbable and recovery was unlikely. *Twombly*, 550 U.S. at 556. The Court further explained that the complaint merely needed to contain enough factual matter to "raise a reasonable expectation that discovery will reveal evidence of" the claim or element. *Id.* A court must accept all of the factual allegations in a complaint as true in determining whether they are sufficient to find the pleader is entitled to relief. *Iqbal*, 556 U.S. at 662. "Ordinarily, only the facts alleged in the complaint are considered in ruling on a 12(b)(6) motion. However, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986) (citing *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir.1985)).

III. **Discussion**

   A. **Breach of Contract**

Defendant first argues that Plaintiff has failed to state a claim for breach of contract because payment of actual cash value is all that the policy required and therefore does not constitute a breach. Because this matter is before the Court pursuant to diversity jurisdiction, the Court must apply Missouri's substantive law. *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938) (federal court sitting in diversity must apply the

forum state's substantive law, and federal procedural law); *see also Winthrop Resources Corp. v. Stanley Works,* 259 F.3d 901, 904 (8th Cir. 2001). In Missouri, in order to state a claim for breach of contract, the following elements must be plead: (1) the existence of a contract between the parties; (2) mutual obligations arising under its terms; (3) the party being sued failed to perform obligations imposed by the contract; and (4) the party seeking recovery was thereby damaged. *Jackson v. Williams, Robinson, White & Rigler*, *P.C.,* 230 S.W.3d 345, 348 (Mo. Ct. App. 2007) (citing *Superior Ins. Co. v. Universal Underwriters Ins. Co.,* 62 S.W.3d 110, 118 (Mo. Ct. App. 2001)).

Taken as true, the facts alleged in Plaintiff's First Amended Petition sufficiently plead all of the necessary elements to state a claim for breach of contract under Missouri law. Plaintiff alleges the existence of an insurance contract, which Defendant does not dispute (Doc. No. 1-5 & 20). Plaintiff's First Amended Petition also alleges that both parties had mutual obligations arising under the terms of the insurance policy (Doc. No. 1-5). Plaintiff has sufficiently pled that Defendant failed to perform the obligations imposed by the policy by paying only actual cash value and not advising Plaintiff of his option to receive a sum of money necessary to repair the damage done. While the policy can be considered in ruling on this motion, Plaintiff has pled that he never exercised either option under the policy, making the Defendant's payment of actual cash value a breach of the policy language that specifically gives the options for payment to the insured. Plaintiff alleges he suffered damages as a result of this breach because the amount paid was not sufficient to pay to repair the damage done. Therefore, the facts alleged in Plaintiff's First Amended Petition sufficiently state a claim

to relief that is "plausible on its face", and raise "a reasonable expectation that discovery will reveal evidence of" Plaintiff's claim for breach of contract. *See Twombly*, 550 U.S. at 570.

## B. Vexatious Refusal to Pay

Defendant next argues that Plaintiff has failed to state a claim for vexatious refusal to pay insurance benefits because Plaintiff has not adequately alleged a breach or unreasonable conduct by Defendant. In order to state a claim for vexatious refusal in Missouri, Plaintiff's complaint must plead facts which, if proven, would show that: (1) he had an insurance policy with Defendant; (2) Defendant refused to pay; and (3) Defendant's refusal was without reasonable cause or excuse. *Hensley v. Shelter Mutual Ins. Co.*, 210 S.W.3d 455, 464 (Mo. Ct. App. 2007) (citing *Dhyne v. State Farm Fire and Casualty Co.,* 188 S.W.3d 454, 457 (Mo. 2006)).

Taken as true, the facts alleged in Plaintiff's First Amended Petition are sufficient to sustain a claim for vexatious refusal under Missouri law. As established above, there is no dispute as to the existence of the insurance policy Plaintiff had with Defendant. Defendant's argument that its tender of actual cash value precludes the instant claim for vexatious refusal is not compelling, inasmuch as Plaintiff never concedes that Defendant paid him the full value of his loss (Doc. No. 20). In his First Amended Petition, Plaintiff alleges that although Defendant made payment for actual cash value, this was insufficient to pay to repair the damage done to his home (Doc. No. 1-5). Plaintiff further alleges that he complied with all terms precedent under the policy and that Defendant's refusal to pay the amount due under the policy was without reasonable cause or excuse (Doc. No. 1-5). Therefore, the facts alleged in Plaintiff's First Amended

Petition sufficiently state a claim to relief that is plausible on its face and raise "a reasonable expectation that discovery will reveal evidence of" Plaintiff's claim for vexatious refusal to pay. *See Twombly*, 550 U.S. at 570.

## IV.  Conclusion

For all the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's First Amended Petition for failure to state a claim for which relief may be granted is hereby **DENIED**.

**IT IS SO ORDERED.**


Date:  October 8, 2013                          **  /s/ *Fernando J. Gaitan, Jr.***
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                               Chief United States District Judge